This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF FARMINGTON**,

Plaintiff-Appellee,

v.                                                          **NO. 35,431**

**BILL SCOTT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, Judge**

Office of the City Attorney
Russel A. Frost
Farmington, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant challenges the denial of a motion to suppress. We previously issued a notice, proposing to uphold the district court's determination. Defendant has filed a memorandum in opposition. After due consideration, we affirm.

{2}     The relevant background information was previously set forth at length, and we will avoid undue reiteration here. To briefly summarize, police officers initiated a traffic stop and detained Defendant based upon an eyewitness report that the perpetrators of an armed robbery had just left the scene in a vehicle of matching description. Defendant does not challenge the validity of the stop. [MIO 13-14] However, he contends that the initial investigatory detention evolved into an impermissible de facto arrest. [MIO 12-15] He further argues that the officers lacked any valid basis for expanding the scope of the inquiry, from the robbery into the ensuing DWI investigation which led to his arrest and conviction. [MIO 7-12] We remain unpersuaded.

{3}     As described in the notice of proposed summary disposition, [CN 2-5] the initial 45-minute detention, during which time the officers brought the eyewitness to the scene to facilitate a viewing for purposes of identification, [MIO 12-13] was permissible. Given the government's strong interest in combating violent crime, and given that the officers conducted the investigation with due diligence, that portion of the encounter cannot be characterized as an impermissible de facto arrest. *See State*

2

*v. Werner*, 1994-NMSC-025, ¶¶ 14, 17, 20, 117 N.M. 315, 871 P.2d 971 (observing that detention in a patrol car does not constitute an arrest per se that diligence is key, and holding that a 45-minute period of detention during which police brought a witness for purposes of identification was not unreasonable); *see generally State v. Skippings*, 2014-NMCA-117, ¶ 14, 338 P.3d 128 (setting forth relevant factors in this context).

{4}     We understand Defendant to contend that the detention should be said to have evolved into a de facto arrest as a consequence of the officers' failure to release him the moment the eyewitness failed to identify him as one of the perpetrators of the armed robbery. [MIO 14] We disagree. After the portion of the investigation associated with the eyewitness concluded, the officers took statements from Defendant and his passenger. [MIO 13] That process appears to have taken roughly ten minutes. [MIO 13] In light of the fact that Defendant's vehicle had been placed at the scene at the time of the robbery, the officers' decision to take his statement and the statement of his passenger was not unreasonable. And although the officers briefly discussed the course of the investigation amongst themselves and ultimately decided that Defendant should be released, those few minutes spent in discussion cannot be regarded as unreasonable or impermissible. *See State v. Leyva*, 2011-NMSC-009, ¶ 20, 149 N.M.

435, 250 P.3d 861 ("[A] de minimis detention caused by questioning after the completion of the traffic stop is not unreasonable[.]").

**{5}** Once the officers concluded that there was no basis for further inquiry relative to the armed robbery, they spent a minute or two discussing whether to conduct a DWI investigation, and ultimately electing to proceed. [MIO 13] Defendant characterizes this as a "fishing expedition" and as such, he argues that the ensuing detention should be regarded as an unreasonable de facto arrest, [MIO 14-15] as well as an impermissible expansion of the scope of the investigation. [MIO 7-12] Once again, we disagree.

**{6}** "An officer may expand the scope of a traffic stop beyond the initial reason for the stop and prolong the detention if the driver's responses and the circumstances give rise to a reasonable suspicion that criminal activity unrelated to the stop is afoot." *Id.* ¶ 23 (internal quotation marks and citation omitted). When the presence of alcohol or its effects becomes apparent, giving rise to a reasonable suspicion of alcohol related criminal activity, the officer may expand the scope of the investigation accordingly. *See State v. Taylor*, 1999-NMCA-022, ¶ 22, 126 N.M. 569, 973 P.2d 246 (observing that the subjects of drugs and alcohol could come within the scope of an investigation if evidence of drugs and alcohol becomes apparent to the investigating officer), *overruled on other grounds by State v. Leyva*, 2011-NMSC-009, 149 N.M. 435, 250

4

P.3d 861 ; *and see generally State v. Williamson*, 2000-NMCA-068, ¶ 8, 129 N.M. 387, 9 P.3d 70 ("[W]hen an officer investigating a traffic violation has a reasonable and articulable suspicion that the driver is impaired, the officer may detain the driver to investigate the officer's suspicions.").

{7}     In this case, the officers developed reasonable suspicion of DWI after observing Defendant in the course of the preceding investigation into the armed robbery. One of the officers testified that he smelled the odor of alcohol about Defendant, and that Defendant's eyes gave the appearance of intoxication. [MIO 9] Another officer later observed that Defendant's eyes were bloodshot and watery when he removed Defendant's handcuffs. [MIO 10] Although Defendant takes issue with the first officer's lack of specificity relative to the look of Defendant's eyes, [MIO 9] it is doubtful that further specificity should be required. *See generally Leyva*, 2011-NMSC-009, ¶ 23 ("Courts defer to the training and experience of the officer when determining whether particularized and objective indicia of criminal activity existed." (internal quotation marks omitted)). In any event, that officer unequivocally testified that he detected the odor of alcohol about Defendant. [MIO 123] And although Defendant contends that the other officer's observation should be disregarded because the decision had already been made to conduct the DWI investigation, [MIO 10] Defendant's handcuffs would have been removed regardless and accordingly, the

observation made with regard to Defendant's bloodshot and watery eyes, was made prior to the initiation of the DWI investigation, contributing to reasonable suspicion. *See generally State v. Muñoz*, 1998-NMCA-140, ¶ 9, 125 N.M. 765, 965 P.2d 349 ("The test [of reasonable suspicion] is an objective one. The subjective belief of the officer does not in itself affect the validity of the stop; it is the evidence known to the officer that counts[.]").

**{8}** We understand Defendant to challenge the sufficiency of the officers' observations to support a reasonable suspicion of DWI. [MIO 8-12] However, we have previously held that officers may expand unrelated traffic stops into DWI investigations when presented with similar indicia of intoxication. *See, e.g., Williamson*, 2000-NMCA-068, ¶¶ 2, 9 (holding that a traffic stop was validly expanded to incorporate a DWI investigation where the officer detected an odor of alcohol and noticed that the driver had bloodshot, watery eyes); *State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282 (holding that an officer developed reasonable suspicion to pursue a DWI investigation after he detected the odor of alcohol on the driver's breath). We therefore conclude that the officers had a sufficient basis to embark upon the DWI investigation.

**{9}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{10}    **IT IS SO ORDERED.**


               _____
               **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**